**SO ORDERED.**

**SIGNED this 05 day of November, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

KEVIN GLENN ROGERSON and
LYNN WHITE ROGERSON,

      Debtors.                                   Case No. 07-02673-8-JRL
                                                    Chapter 13

_____

**ORDER**

This case is before the court on the motion of Branch Banking & Trust Company ("BB&T") to set aside the Order Allowing Motion to Value Real Property entered on September 12, 2007. On November 1, 2007, the court conducted a hearing on this matter in Wilson, North Carolina.

**BACKGROUND**

On July 24, 2007, the debtors filed for relief under Chapter 13 of the Bankruptcy Code. The debtors own real property which serves as their residence at 1210 Knox Lane, Williamston, North Carolina. The property is subject to a first lien held by First South Bank, which is secured by a promissory note and deed of trust in the amount of $112,113.75. BB&T is the holder of a second lien on the debtors' real property, executed by the debtors on November 16, 2005 in the

original principal amount of $20,000.00. On August 8, 2007, BB&T filed a proof of claim in the amount of $19,242.59. On August 3, 2007, the debtors filed a Motion to Value Real Property, which was served on BB&T at its lockbox address. The debtors' motion stated that the fair market value of the property is $109,000.00, which is less than the $112,113.75 the debtors owe on First South Bank's first lien on the property. BB&T did not respond prior to the deadline for responding to the motion and an order allowing the motion was entered on September 12, 2007, which stated that BB&T's lien would be treated as wholly unsecured. BB&T asserts that its failure to timely respond to the debtors' motion was due to a coding error in BB&T's account system. BB&T contends that its failure to respond to the motion is excusable neglect and that it is likely to succeed on the merits of the underlying case, and therefore requests that the court grant its Motion to Set Aside Order Allowing Motion to Value BB&T's claim.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(J), which this court may hear and determine.

## DISCUSSION

In order to set aside an order of the court, the moving party must show (1) that his motion is timely filed, (2) that he has a meritorious defense to the action, and (3) that the opposing party would not be unfairly prejudiced if the order were set aside. Park Corp v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). If such a showing is made, the moving party must also satisfy

one of the six grounds for relief set forth in Rule 60(b) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 9024, which includes "excusable neglect." Fed. R. Civ. P. 60(b); Id.

Here, BB&T has timely filed its motion to set aside the court's order within a reasonable time, as required by Federal Rule of Civil Procedure 60(b). In addition, BB&T has provided evidence that it will present a meritorious defense by producing an appraisal, dated October 31, 2005, which values the debtors' property at $165,000.00.[1]  The issue, therefore, is whether BB&T has shown that the order should be set aside based on one of the reasons listed in Federal Rule of Civil Procedure 60(b). BB&T asserts that it was excusable neglect to fail to timely respond to the debtors' motion due to a coding error in BB&T's account system. BB&T argues that it is a large institution that receives notices and various documents from hundreds of bankruptcy cases from numerous states on a daily basis. BB&T has elaborate and technologically-advanced procedures and systems that is uses to process the large volume of paperwork it receives to ensure that deadlines are not missed. In this case, however, BB&T did not timely respond to the debtors' motion due to a coding error, which, BB&T asserts is an inevitable oversight due to the sheer volume of documents it receives.

The court finds BB&T's failure to timely respond to the debtors' Motion to Value Real Property is excusable neglect and that the Order Allowing Motion to Value Real Property is set aside. BB&T is a reputable institution that has sophisticated procedures in place in order to

---

[1] In order to be successful under Rule 60(b), the moving party need not show that it is likely to prevail on the merits, but need only make allegations that, if established, would constitute a valid claim or defense. See Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000). Here, the court finds that BB&T has met this burden despite the fact that the appraisal presented by BB&T is two years old.

handle the large volume of bankruptcy-related paperwork it receives on a daily basis. BB&T's failure to respond to the motion was due to a simple coding error which the court finds is an inevitable result of the large volume of paperwork received by BB&T.

Based on the foregoing, BB&T's motion is ALLOWED and the court's order of September 12, 2007 which called for BB&T's second lien to be treated as wholly unsecured is set aside. The court shall set a hearing to hear evidence regarding the valuation of the debtors' property.

"END OF DOCUMENT"